UNITED STATES DISTRICT COURT
3MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A. JOSEPH RAETANO,

    Plaintiff,

vs.                                                          Case No.: 8:09-cv-01356-EAK-TGW

MENAHEM ROTH and,
ESTER ROTH

    Defendants

_____/

**ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

    This cause comes before the Court on Plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), (Dkt. 9), filed November 27, 2009, and Defendant's response thereto, (Dkt. 14), filed January 8, 2010. For the reasons set forth below, Plaintiff's motion is denied. The following facts are taken from the pleadings in this case.

**FACTS**

    Plaintiff, an individual, is a resident of the state of Florida. Plaintiff is disabled as defined by the American with Disabilities Act (hereafter ADA). Defendants are the owners of the real property which is the subject of this action, located at 12561 Ulmerton Road, Largo, Florida. Plaintiff acts as a "tester" to discover discrimination against the disabled in public accommodations. Plaintiff visited Defendants' property and alleges that his enjoyment of the goods, services, facilities, privileges, advantages and accommodation offered therein was restricted because of his disabilities. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

**PROCEDURAL POSTURE**

Plaintiff filed its complaint on July 17, 2009.  Defendants responded with an answer on August 17, 2009.  Subsequently, Plaintiff filed this motion on November 27, 2009, Defendants responded in opposition on January 8, 2010.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *Fed. R. Civ. P. 12(c)*.  Judgment on the pleadings is appropriate where, based on the pleadings, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005) (citing *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). The Court must accept the allegations in the complaint as true and view them in the light most favorable to the non-moving party.  See *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998).

## DISCUSSION

Judgment on the pleadings is appropriate where, based on the pleadings, there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Scott*, 405 F.3d at 1253. Plaintiff's complaint alleges that Defendant's property's barriers prevent Plaintiff from accessing the facility.  (Dkt. 1 ¶ 14).  Specifically, Plaintiff alleges that there are no accessible parking spaces, no accessible route from the parking area to the facility, the doors are inaccessible, the water closet and lavatory are inaccessible.  (Dkt. 1 ¶ 17).  Defendants have denied all of these allegations.  (Dkt. 14 ¶ 1).

In its motion for judgment on the pleadings, Plaintiff argues that Defendants did not deny the allegations made by Plaintiff.  (Dkt. 9 ¶ 3).  Additionally, Plaintiff argues that Defendants admit in their Answer that their property is in need of remediation.  (Dkt. 9 ¶ 4).  While, Defendants did not specifically deny the allegations in their Answer, Defendants are *pro se* defendants and they do not have the same knowledge of pleading standards as does Plaintiff's attorney. This Court finds it unreasonable to negate Defendants' subsequent denial of the allegations. Plaintiff's complaint lacks any further documentation regarding the denial, thus, this Court will accept Defendants' denial as true for purposes of resolving this

motion. Therefore, based solely on the pleadings, a genuine issue of material fact exists and judgment as a matter of law is inappropriate.

## CONCLUSION

As a result, this Court denies Plaintiff's motion for judgment on the pleadings because genuine issues of material fact exist within the pleadings. The Defendants also ask the Court for some time to obtain counsel in this matter (Dkt. 14). This Court finds this an appropriate request. Accordingly, it is:

ORDERED that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**, the Court **stays** this case for forty-five (45) days in order to let the Defendants seek counsel, and at the expiration of the stay, the parties **shall have** thirty (30) days to file a case management report so the case may proceed forward.

DONE AND ORDERED in Chambers, in Tampa, Florida on this 4th day of February, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties a